PER CURIAM.
Jacob Kanevsky died intestate. Paul Kay, the nephew of Jacob, appeals from an order determining that the appellee, Perry Swartz, is an heir to Jacob’s estate. Jacob *1102 had no children and one deceased brother, Nathan. Nathan had had two children— Paul, the appellant, and Zena, who predeceased Jacob. Zena and her husband had adopted Perry, the appellee. When Zena’s husband remarried, his second wife adopted Perry.
In reaching its conclusion that Perry should share in the estate under sections 63.172(2), 732.108(1), Florida Statutes (1983), the trial court stated:
PERRY CARL SWARTZ shall be permitted to inherit by intestacy from the family of his deceased mother, Zena Kanev-sky Swartz, including his mother’s uncle, the decedent, Jacob Kanevsky.
The Florida Legislature has provided an exception to the general rule that, for inheritance purposes, adoption severs the ties between the adopted child and his prior parents and affiliates the child with his adoptive parents. This exception is recognized in both the Florida Adoption Act (F.S. § 63.172(2)) and the Florida Probate Code (F.S. § 732.108(l)(b)), which provide that a child shall be entitled to inherit from or through a deceased parent even though he is subsequently adopted by the spouse of his surviving parent. By specific definition, in F.S. § 63.032(2), the Legislature made it clear in the Adoption Act that the exception applies whether the relationship between the deceased parent and surviving child was one of blood or adoption. While the exception, as it appears in the Probate Code, refers to the predeceased parent as a “natural” parent, the Probate Code does not define the term “natural” parent nor does it attempt to define a child given rights by the exception in terms of whether he is a child by blood or adoption. The Probate Code does, however, provide in Section 732.-108(1) that an adopted child is “one of the natural kindred of all members of the adopting parent’s family.” Under these circumstances, and in light of the clear intent of the Legislature to put children by adoption on an equal footing with children by blood for inheritance purposes, the term “natural”, as used in Florida Statute Section 732.108(l)(b), should not be interpreted to discriminate in any way between adopted children and children of the blood in the application of the exception. Applying the exception in a nondiscriminatory manner to the facts in this case gives PERRY CARL SWARTZ the same right to inherit through the family of his deceased mother Zena as if he had been a child of Zena’s body. To assume that the Legislature intended otherwise by interpreting this exception as applying only to blood descendants of a deceased parent would create’ a clear conflict between the Probate Code and the Adoption Act.... Perry’s adoption by his father’s new wife does not preclude him from inheriting by intestacy from his deceased mother’s family, including the decedent Jacob Ka-nevsky.
We agree.
Affirmed.